Dawson Morton, SBN 320811, Registered Legal Services Attorney
dmorton@crlaf.org
R. Erandi Zamora, SBN 281929
ezamora@crlaf.org
Alexandra Revelas, SBN 305201
arevelas@crlaf.org
CALIFORNIA RURAL LEGAL ASSISTANCE FOUNDATION
2210 K Street, Suite 201
Sacramento, CA 95816
Telephone: (916) 446-7904
Facsimile: (916) 446-3057

Randy Renick, SBN 179652
rrr@hadsellstormer.com
Cornelia Dai, SBN 207435
cdai@hadsellstormer.com
Springsong Cooper, SBN 307845
scooper@hadsellstormer.com
HADSELL STORMER & RENICK, LLP
128 North Fair Oaks Avenue, Suite 204
Pasadena, California 91103-3645
Telephone: (626) 585-9600
Fax: (626) 577-7079

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MORALES-GARCIA, BENITO PEREZ-REYES, CESAR JIMENEZ-MENDOZA and GABRIELA RENDON-VASQUEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HIGUERA FARMS, INC., LA CUESTA FARMING COMPANY, INC., and DOES 1-10,<br><br>Defendants. | Case No.: 2:18-cv-5118<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**<br><br>1. Violation of Agricultural Worker Protection Act, 29 U.S.C. §1801, *et seq.*<br>2. Failure to Pay Minimum Wages<br>3. Failure to Pay Overtime Wages<br>4. Failure to Pay Contractual Wages<br>5. Failure to Indemnify Employees for Work-Related Expenses<br>6. Inaccurate Wage Statements<br>7. Waiting Time Penalties<br>8. Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

1.   LUIS   MORALES-GARCIA,   BENITO   PEREZ-REYES,   CESAR JIMENEZ-MENDOZA and GABRIELA RENDON-VASQUEZ ("Plaintiffs") bring this suit as a class action, on behalf of themselves and all others similarly situated, against HIGUERA FARMS, INC. and LA CUESTA FARMING COMPANY, INC. ("Defendants").

## PRELIMINARY STATEMENT

2.   Defendants HIGUERA FARMS, INC. and LA CUESTA FARMING COMPANY, INC. are engaged in managing and harvesting strawberry fields in Santa Barbara County, California.

3.   Plaintiffs LUIS MORALES-GARCIA, BENITO PEREZ- REYES, CESAR JIMENEZ-MENDOZA, and GABRIELA RENDON-VASQUEZ worked for Defendants in the 2016 and/or 2017 harvest seasons, from approximately March through December.

4.   Defendants violated California and federal law and breached the work agreements with Plaintiffs by failing to adequately record and properly pay Plaintiffs for all of the hours they worked, among other unlawful actions.

5.   On behalf of themselves and all others similarly situated, Plaintiffs seek their unpaid wages, applicable penalties, interest, restitution, declaratory and injunctive relief, including an order requiring Defendants to pay lawful wages and compensate employees for all hours worked, as well as attorney's fees, costs of suit and other appropriate and just relief against Defendants.

## PARTIES

6.   Plaintiffs LUIS MORALES-GARCIA and BENITO PEREZ-REYES are H-2A workers from Mexico. They were recruited by Defendants' agent in Mexico to work for Defendants in and around Santa Maria, California, during the 2016 and 2017 strawberry seasons.

7.   Plaintiff CESAR JIMENEZ-MENDOZA is a H-2A worker who was similarly recruited by Defendants' agent in Mexico to come work for Defendants, and did work for Defendants, in and around Santa Maria, California, during the 2017 strawberry

COMPLAINT FOR DAMAGES,
DECLARATORY AND INJUNCTIVE RELIEF

season.

8.    Plaintiff GABRIELA RENDON-VASQUEZ is a domestic worker hired by HIGUERA FARMS, INC. for the 2016 and 2017 strawberry seasons. Defendants, upon offering employment to Plaintiff RENDON-VASQUEZ, completed the requisite forms and processes to hire her as an individual legally qualified to work in the United States. On information and belief, Defendants similarly completed these requisite forms and processes for all domestic workers they hired in the 2016 and 2017 seasons.

9.    Defendant HIGUERA FARMS, INC. is a California corporation. Its corporate officers are Rodrigo Contreras and Maria Contreras. Griselda Cruz is its agent for service of process. Its principal office is located at 3130 Skyway Drive, Suite 405, Santa Maria, California.

10.    Defendant LA CUESTA FARMING COMPANY, INC. is a California corporation.  Fernando Contreras and Dalila Contreras are its corporate officers. Fernando Contreras is its agent for service of process.  Its principal office is located at 1141 Tama Lane, Santa Maria, California.

11.    Defendants are each operated and managed by members of the extended Contreras family. On information and belief, they share employees, computer systems, and have overlapping management.

12.    Defendants also share a set of vans leased to transport their workers and share employment of the drivers operating these vehicles.

13.    On information and belief, Defendants lend their workers (both domestic and H-2A workers) to each other. HIGUERA FARMS lent workers to LA CUESTA FARMING in both the 2016 and 2017 seasons.

14.    Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege Doe Defendants' true names and capacities when ascertained.

15.    On information and belief, at all relevant times, Defendants and each of them,

COMPLAINT FOR DAMAGES,
DECLARATORY AND INJUNCTIVE RELIEF

directly or indirectly, or through an agent or any other person, employed and/or exercised control over the wages, hours, and/or working conditions of Plaintiffs, and that Defendants and each of them were the joint employers of Plaintiffs and/or alter egos of each other.

## VENUE AND JURISDICTION

16.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) for the claims under the Agricultural Worker Protection Act (29 U.S.C. § 1854(a)), and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 (Supplemental).

17.      This Court has supplemental jurisdiction over the state law claims because they are so related to Plaintiffs' federal claims as to form the same case or controversy under Article III, Section 2 of the U.S. Constitution.   Specifically, Plaintiffs' state law claims concern the same employment contract that formed the working arrangement for Plaintiffs' federal claims.   The claims arise from Defendants' use of the H-2A visa program and the terms and conditions to which Defendants were required to adhere.

18.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the claims arose in the Central District of California, and because Defendants all have their physical headquarters and registered agents within the Central District.

19.     In particular, this case is properly filed with the Western Division as the acts giving rise to Plaintiffs' claims occurred in Santa Barbara County.

## THE H-2A PROGRAM

20.     The H-2A program was created by 8 U.S.C. § 1188 and is implemented pursuant to the regulations found at 20 C.F.R. §§ 655.0-655.185. An agricultural employer in the United States may import H-2A workers if the United States Department of Labor ("U.S. DOL") certifies: that (1) there are not enough U.S. workers to perform the job; and (2) the employment of H-2A workers will not adversely affect the wages and working conditions of U.S. workers who are similarly employed. 8 U.S.C. § 1101(a)(15)(H)(ii)(a); 8 U.S.C. § 1188(a)(1).

COMPLAINT FOR DAMAGES,
DECLARATORY AND INJUNCTIVE RELIEF

21.     Employers must file a temporary labor certification application with the U.S. DOL's Employment and Training Administration. 20 C.F.R. § 655.130 (2010). The application has to include a job offer, known as a "job order," that complies with the requirements of 20 C.F.R. § 655.122. The job order must contain the terms to be offered to both foreign H-2A workers and domestic workers throughout the United States. *See* 20 C.F.R. § 655.121(a)(2).

22.     The terms and conditions of the job orders, together with the requirements of 20 C.F.R. part 655, constituted employment contracts for Plaintiffs and others similarly situated. 20 C.F.R. § 655.103(b) (definition of "work contract").

23.     The H-2A employment contracts at issue here incorporate a regulatory definition of employer found at 20 C.F.R. § 655.103(b) and contain the promise to "comply with applicable Federal, State and local law and regulations." 20 C.F.R. § 655.135(e).

24.     In 2016, Defendant HIGUERA FARMS, INC submitted a job order to the U.S. DOL. It is attached as Exhibit A to this complaint.

25.     In 2017, Defendants HIGUERA FARMS, INC. and LA CUESTA FARMING, INC. submitted job orders to the U.S. DOL, attached as Exhibits B and C to this complaint.

26.     In the job order, Defendants promised that each worker would earn at least the AEWR [Adverse Effect Wage Rate], the prevailing hourly or piece rate wage, or the federal or state minimum wage, whichever is higher, for all hours worked in the payroll period. Exhibit A at 4; Exhibit B at 4 and addendum to the ETA 790 form ("Wage Rates, Special Pay Information, and Deductions"); Exhibit C at 4 and addendum to the ETA 790 form ("Wage Rates, Special Pay Information, and Deductions").

27.     The applicable AEWR was $11.89 in 2016 and $12.57 in 2017. 80 Fed. Reg. 79615 (Dec. 22, 2015); 81 Fed. Reg. 94422 (Dec. 23, 2016).

28.     Plaintiffs' employment contracts also state that the Defendants will provide daily transportation to their H-2A workers between the employer-provided housing and

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

the worksite at no cost to the worker, as required by 29 C.F.R. § 655.122(h)(3). Exhibit A at 4, 7; Exhibit B at 4, 7; Exhibit C at 4, 7 and addendum to ETA 790 ("Transportation Arrangements").

29.   Finally, by participating in the H-2A program and importing workers from abroad, Defendants are bound to abide by 20 C.F.R. §§ 655.120(a), 655.122(a), 655.122(c), 655.122(l), and 655.103(b). Read together, these provisions require that Defendants pay all U.S. workers engaged in corresponding employment the same wage rate offered to H-2A workers, specifically, the higher of the AEWR [Adverse Effect Wage Rate], the prevailing hourly or piece rate wage, or the federal or state minimum wage.

## ALLEGATIONS OF CLASS REPRESENTATIVES
### 2016 SEASON

30.   Defendant HIGUERA FARMS submitted a job order to the California Employment Development Department as part of their applications to import H-2A workers from Mexico for the 2016 strawberry season.

31.   HIGUERA FARMS requested 45 temporary agricultural field workers for the period of February 29, 2016 to December 15, 2016 to work in and around Santa Maria, California, planting, cultivating, and harvesting strawberries. Its job order was assigned number 14637389 by the California Employment Development Department, and the subsequent labor certification issued by the United States Department of Labor was number H-300-16027-621962. A copy of HIGUERA FARMS' 2016 job order is attached as Exhibit A to this Complaint.

32.   Defendant HIGUERA FARMS submitted the aforementioned job order to recruit and import foreign workers, including Plaintiffs MORALES-GARCIA and PEREZ-REYES, for the 2016 strawberry harvest.

33.   HIGUERA FARMS offered, and Plaintiffs MORALES-GARCIA and PEREZ-REYES accepted, employment for the 2016 strawberry season under the terms of the H-2A job order, attached as Exhibit A.

34.   Plaintiff GABRIELA RENDON-VASQUEZ, a domestic worker, was hired

6

COMPLAINT FOR DAMAGES,
DECLARATORY AND INJUNCTIVE RELIEF

as a strawberry field worker by HIGUERA FARMS, harvesting strawberries beginning May 10, 2016. The position and responsibilities of Plaintiff RENDON-VASQUEZ were the same as those described in HIGUERA FARMS' 2016 job order attached as Exhibit A.

35.     Plaintiff RENDON-VASQUEZ, along with approximately thirty other domestic workers, was engaged to perform the duties described for a "temporary agricultural worker" in the HIGUERA FARMS 2016 job order and the same tasks enumerated under that job order, including planting, cultivation, and harvesting strawberries.

36.     Plaintiff RENDON-VAZQUEZ and other domestic workers labored alongside Defendant's H-2A workers, including Plaintiffs MORALES-GARCIA and PEREZ-REYES.

37.     The work that Plaintiff RENDON-VASQUEZ and other similarly situated domestic workers engaged in was seasonal in nature. Specifically, the type of work they performed, and their hours of engagement varied depending upon the peak strawberry harvesting season- typically from approximately April to June in California.

38.     **Domestic Workers Not Paid AEWR.** HIGUERA FARMSs 2016 job order, attached as Exhibit A, promised to pay workers at least the Adverse Effect Wage Rate of $11.89 for each hour of work performed.

39.     While H-2A workers were paid $11.89 per hour, Plaintiff RENDON-VASQUEZ and other similarly situated domestic workers at HIGUERA FARMS were paid at the California minimum wage of $10 per hour by Defendants and only for the hours Defendants chose to record.

40.     Similarly, when domestic workers at HIGUERA FARMS were paid by the piece and did not make enough production to cover their hourly wages due, they received make-up pay sufficient only to raise wages to California's minimum wage of $10 per hour.

41.     **Mandatory Transportation Time.** As a term of employment, Defendants required Plaintiffs MORALES-GARCIA, PEREZ-REYES, and other similarly situated H-2A workers to travel to and from the worksites in employer-provided transportation.

COMPLAINT FOR DAMAGES,
DECLARATORY AND INJUNCTIVE RELIEF

42. Defendant HIGUERA FARMS jointly hired vehicles to transport its H-2A workers for the 2016 season, along with two other local entities- Savino Farms and Big F. Company- from Julio Gomez, operating under the names G&G Temporary Agricultural Workers Consultants, Inc. and EZ H-2A Consulting Services.

43. Plaintiffs and other similarly situated H-2A workers employed at HIGUERA FARMS were under the control of Defendant at all times from the point of pick-up at the housing assigned by Defendants until the point of return to that housing after each day's work.

44. Plaintiffs MORALES-GARCIA and PEREZ-REYES attempted to get rides from domestic workers, but were prohibited by Defendant's supervisors from doing so.

45. Plaintiff RENDON-VASQUEZ and other domestic workers employed by Defendants at HIGUERA FARMS were forbidden from taking H-2A workers to the fields in their personal transportation.

46. The vans transported H-2A workers, at Defendants' direction, in shifts. The number of vehicles was insufficient to simultaneously transport all of the H-2A workers to their respective worksites. As a result, Defendants' employees were often brought to and picked up from the fields well before or well after their shift to accommodate Defendants' schedules.

47. Under the above-mentioned transportation arrangement, Plaintiff MORALES-GARCIA, Plaintiff PEREZ-REYES, and other H-2A workers employed by Defendants at HIGUERA FARMS were required to ride, wait on, or wait for the company-provided transportation in excess of one and a half (1.5) hours per day during the 2016 season.

48. HIGUERA FARMS did not keep records of or compensate Plaintiff MORALES-GARCIA, Plaintiff PEREZ-REYES, and other similarly situated H-2A workers for the time spent riding, waiting on, or waiting for the company-provided transportation.

49. **Engaged to Wait.** After exiting the employers' transportation, Plaintiff

8

COMPLAINT FOR DAMAGES,
DECLARATORY AND INJUNCTIVE RELIEF

MORALES-GARCIA, Plaintiff PEREZ-REYES, and similarly situated H-2A workers at HIGUERA FARMS were regularly required to wait at the field prior to starting work. The time workers were engaged to wait was caused by Defendants' practice of sharing transportation, which resulted in Plaintiffs and other workers being brought to the fields significantly earlier than their shift time in order to accommodate Defendants' shared transportation schedule.

50.     H-2A workers employed by HIGUERA FARMS were also regularly required to wait for there to be enough light or for the weather to sufficiently clear before they could start working, and the time recorded for their start was adjusted to exclude the time spent waiting.

51.     The time Plaintiff MORALES-GARCIA, Plaintiff PEREZ-REYES, and similarly situated H-2A workers employed by Defendants spent waiting at the fields subject to the control of their employer was neither recorded nor compensated by HIGUERA FARMS.

52.     **Off-the-Clock Work.** Plaintiffs MORALES-GARCIA, PEREZ-REYES, and other similarly situated H-2A workers would regularly be required by their supervisors to start harvesting in the field a quarter hour or more before their supervisor or crew leader authorized their time cards to be punched.

53.     Similarly, Plaintiffs MORALES-GARCIA, REYES-PEREZ, and RENDON-VASQUEZ's time cards, along with the time cards of similarly situated domestic and H-2A workers, were regularly punched by their supervisors to record a stop time prior to the end of their workday.

54.     In addition, Plaintiffs MORALES-GARCIA, REYES-PEREZ, and RENDON-VASQUEZ, along with other similarly situated domestic and H-2A workers, were required to attend mandatory trainings and company meetings held by HIGUERA FARMS after being punched out for the day.

55.     HIGUERA FARMS did not keep records of or compensate Plaintiff MORALES-GARCIA, Plaintiff PEREZ-REYES, Plaintiff RENDON-VASQUEZ and

COMPLAINT FOR DAMAGES,
DECLARATORY AND INJUNCTIVE RELIEF

similarly situated workers for this post-shift time spent attending trainings and meetings.

56.   **Overtime.** Once travel time, waiting time, and off-the-clock work is included in their hours worked, Plaintiffs MORALES-GARCIA, PEREZ-REYES, and other H-2A workers employed by Defendants at HIGUERA FARMS regularly worked hours in excess of ten (10) hours each day and were not paid premium pay for hours worked in excess of ten hours in a day or 60 hours in a week.

57.   **Work Related Expenses.** Plaintiff RENDON-VASQUEZ and similarly situated domestic workers at HIGUERA FARMS purchased their own equipment and tools necessary for performance of their job duties throughout the season to protect their hands and the fruit while working, including, but not limited to, carts for carrying baskets of harvested berries, boots for working in the muddy fields, a ring cutter for harvesting berries, and multiple boxes of disposable gloves.

58.   Plaintiff RENDON-VASZQUEZ and similarly situated workers at HIGUERA FARMS were never reimbursed for these work-related expenses.

59.   **Inadequate Check Stubs.** Because Defendants failed to accurately record hours worked, properly calculate overtime due, and pay their H-2A workers as required by law, the check stubs they provided to Plaintiffs MORALES-GARCIA and PEREZ-REYES and the other similarly situated H-2A workers were necessarily inadequate. Specifically, the check stubs did not accurately reflect their employees' hours of work or gross wages owed.

60.   Similarly, Defendant HIGUERA FARMS failed to adequately record hours worked by its domestic workers or pay the wage rate they were due under the H-2A job orders. Consequently, the check stubs it provided to Plaintiff RENDON-VAZQEZ and similarly situated domestic workers were deficient as they did not accurately reflect the wage rate owed, hours of work, or gross wages owed.

61.   **Unfair Competition.** The actions undertaken by Defendant HIGUERA FARMS as described herein, among others, lowered Defendants' labor costs and provided them with a significant competitive advantage over other businesses, in violation of the

COMPLAINT FOR DAMAGES,
DECLARATORY AND INJUNCTIVE RELIEF

Unfair Competition Law:

62.    **Waiting Time Penalties.** Upon the separation of employment of Plaintiffs MORALES-GARCIA, PEREZ-REYES, RENDON VASQUEZ and other similarly situated domestic and H-2A workers at HIGUERA FARMS, Defendant willfully failed to pay them all wages due in a prompt and timely manner.

**2017 SEASON**

63.    Defendants HIGUREA FARMS and LA CUESTA FARMING submitted job orders to the California Employment Development Department (the local State Workforce Agency) for clearance and approval in conjunction with their H-2A petitions for the 2017 strawberry season.

64.    The job order submitted by HIGUERA FARMS requested 80 temporary agricultural field workers for the period of March 20, 2017 to December 15, 2017 to work in and around Santa Maria, California, planting, cultivating, and harvesting strawberries. Its job order was assigned number 15196077 by the California Employment Development Department, and the subsequent labor certification issued by the United States Department of Labor was number H-300-17034-684205. A copy of HIGUERA FARMS' 2017 job order is attached as Exhibit B to this Complaint.

65.    The job order submitted by LA CUESTA FARMING requested 109 temporary agricultural field workers for the period of March 20, 2017 to December 15, 2017 to work in and around Santa Maria, California, planting, cultivating, and harvesting strawberries. Its job order was assigned number 15196148 by the California Employment Development Department, and the subsequent labor certification issued by the United States Department of Labor was number H-300-17034-614421. A copy of LA CUESTRA FARMING's 2017 job order is attached as Exhibit C to this Complaint.

66.    Defendants HIGUERA FARMS and LA CUESTA FARMING submitted the aforementioned job orders to recruit and import foreign workers, including Plaintiffs MORALES-GARCIA, PEREZ-REYES, and JIMENEZ-MENDOZA for the 2017 strawberry season.

11

COMPLAINT FOR DAMAGES,
DECLARATORY AND INJUNCTIVE RELIEF

67.    Defendants offered, and Plaintiffs MORALES-GARCIA, PEREZ-REYES, and JIMENEZ-MENDOZA accepted, employment at LA CUESTA FARMING under the terms of the H-2A job order attached as Exhibit C.

68.    Plaintiff RENDON-VASQUEZ, a domestic worker, continued her employment with Defendants at HIGUERA FARMS through approximately June of 2017.

69.    Plaintiff RENDON-VASQUEZ, along with approximately twenty other domestic workers, was engaged to perform the duties described for a "temporary agricultural worker" in the HIGUERA FARMS job order attached as Exhibit B, including strawberry planting, cultivation, and harvesting.

70.    The work performed by Plaintiff RENDON-VASQUEZ and similarly situated domestic workers continued to be inherently seasonal in nature, as stated above in paragraph 37.

71.    **Domestic Workers Not Paid AEWR.** Defendants' 2017 H-2A job orders promised to pay at least the adverse effect wage rate of $12.57 for each hour of work.

72.    While H-2A workers were paid $12.57 per hour, Plaintiff RENDON-VASQUEZ and similarly situated domestic workers at HIGUERA FARMS were paid at the California minimum wage of $10.50 per hour and only for the hours Defendant chose to record.

73.    Similarly, when domestic workers at HIGUERA FARMS were paid by the piece and did not make enough production to cover their hourly wages due, they received make-up pay sufficient only to raise wages to California's minimum wage, $10.50, not at the $12.57 promised under the H-2A job order attached as Exhibit B.

74.    **Mandatory Transportation Time.** As a term of employment, Defendant LA CUESTA FARMING required Plaintiffs MORALES-GARCIA, PEREZ-REYES, JIMENEZ-MENDOZA and other H-2A workers to travel to and from the worksites in vehicles that they jointly contracted with HIGUERA FARMS, and local entities Big F Company, Savino Farms, and La Palma Farms.

75.     H-2A workers at HIGUERA FARMS were similarly required to use this

12

company-provided transportation to arrive to and return from their worksites.

76.     Defendants and related H-2A employers Big F Company, Savino Farms, and La Palma Farms contracted vehicles from Julio Gomez, doing business as EZ H-2A Consulting Services, to transport their H-2A workers for the 2017 season.  On information and belief, Defendants jointly determined the daily transportation schedule, as well as the start and stop times for the H-2A worker Plaintiffs and other field workers.

77.     Plaintiffs MORALES-GARCIA, PEREZ-REYES, JIMENEZ-MENDOZA, and all other similarly situated H-2A workers employed by Defendants were under the control of their employers at all times from the point of pick-up at the housing assigned by Defendants until the point of return to that housing after each day's work.

78.     The vehicles transported H-2A workers, at Defendants' direction, in shifts. The number of vehicles was insufficient to simultaneously transport all of the H-2A workers to their respective worksites.  As a result, Defendants' employees were often brought to and picked up from the fields well before or well after their shift to accommodate Defendants' shared transportation schedules.

79.     Under the above-mentioned transportation arrangement, Plaintiffs MORALES-GARCIA, PEREZ-REYES, JIMENEZ-MENDOZA and other H-2A workers employed by Defendants were required to ride, wait on, or wait for the company-provided transportation in excess of one hour per day for the 2017 season.

80.     Defendants did not keep records or compensate Plaintiffs MORALES-GARCIA, PEREZ-REYES, JIMENEZ-MENDOZA, and other similarly situated H-2A workers at LA CUESTA FARMING and HIGUERA FARMS for the time spent riding, waiting on, or waiting for the company-provided transportation.

81.     **Engaged to Work.** Plaintiffs MORALES-GARCIA, PEREZ-REYES, JIMENEZ-MENDOZA and other similarly situated H-2A workers at LA CUESTA FARMING were often required to wait at the fields in the morning prior to being punched in. They were forced to wait until the planned shift start time before Defendant would allow them to start counting hours as worked. They also experienced waiting time when

COMPLAINT FOR DAMAGES,
DECLARATORY AND INJUNCTIVE RELIEF

there were adverse weather conditions that prevented them from being able to start harvesting immediately. This time was spent waiting at the field for the benefit of the employer, but it was neither recorded nor compensated.

82.   When H-2A workers at LA CUESTA FARMING arrived late at the field-due to issues with the company-provided transportation over which they had no control-they were punished with an additional half hour of wait time at the fields until they could be punched in and start working. This time was neither recorded nor compensated.

83.   H-2A workers at HIGUERA FARMS, INC. experienced similar waiting time at the fields and were not compensated for it.

84.   **Overtime.** Plaintiffs MORALES-GARCIA, PEREZ-REYES, JIMENEZ-MENDOZA and other similarly situated H-2A workers employed by Defendants at HIGUERA FARMS and LA CUESTA FARMING regularly worked over ten (10) hours in a day or 60 hours in a week. Because Defendants did not record all hours of work, including their mandatory travel time and waiting to work time, they failed to provide H-2A workers premium pay for each hour of daily and weekly overtime they accrued.

85.   **Work Related Expenses.** Plaintiff RENDON-VASASQUEZ and similarly situated domestic workers at HIGUERA FARMS purchased their own equipment and tools necessary for performance of their job duties throughout the season to protect their hands and the fruit while working, including, but not limited to, carts for carrying baskets of harvested berries, boots for working in the muddy fields, a ring cutter for harvesting berries, and multiple boxes of disposable gloves.

86.   Plaintiff RENDON-VASZQUEZ and similarly situated workers at HIGUERA FARMS were never reimbursed for these work-related expenses.

87.   **Inadequate Check Stubs.** Because Defendants failed to accurately record hours worked, properly calculate overtime due, and pay their H-2A workers as required by law, the check stubs they provided to Plaintiffs MORALES-GARCIA, PEREZ-REYES, and JIMENEZ-MENDOZA and the other similarly situated H-2A workers were necessarily inadequate. Specifically, the check stubs did not accurately reflect their

COMPLAINT FOR DAMAGES,
DECLARATORY AND INJUNCTIVE RELIEF

employees' hours of work or gross wages owed.

88.    Similarly, Defendants failed to adequately record hours worked by their local employees or pay the wage rate they were due under the H-2A job orders. Consequently, the check stubs they provided to Plaintiff RENDON-VAZQEZ and similarly situated domestic workers were deficient as they did not accurately reflect the wage rate owed, hours of work, or gross wages owed.

89.    **Cost Shifting Prohibited by Contract.** Pursuant to the job orders submitted by HIGUERA FARMS and LA CUESTA FARMING, the H-2A workers housed at 1318 N. Broadway in Santa Maria, California, were to be provided three meals a day for which the Defendants would deduct up to $12.09 each day from their wages. They were not provided with a kitchen facility that they could alternatively use to cook their own meals. See Exhibits B and C.

90.    Instead of complying with the terms of their job order by deducting $12.09 per day from wages and providing pre-paid food, HIGUERA FARMS and LA CUESTA FARMING merely arranged for a taco truck to be present at their housing and the fields to sell meals to the H-2A workers. Workers were forced to pay out of pocket for their meals, and were, thus, harmed by Defendants' failure to comply with the terms of the job order.

91.    Additionally, Defendants HIGUERA FARMS, INC. and LA CUESTA FARMING required that H-2A workers housed at 1318 N. Broadway, Santa Maria, California pay $10 each week for cleaning services. This payment was mandatory, undisclosed in the job order, and breached each company's obligations to provide housing at no cost to the H-2A workers.

92.    **Unfair Competition.** The actions undertaken by Defendants HIGUERA FARMS and LA CUESTA FARMING as described herein, among others, lowered Defendants' labor costs and provided them with a significant competitive advantage over other businesses.

93.    **Waiting Time Penalties.** Upon the separation of employment of Plaintiffs

15

COMPLAINT FOR DAMAGES,
DECLARATORY AND INJUNCTIVE RELIEF

MORALES-GARCIA, RENDON-VASQUEZ, PEREZ-REYES, JIMENEZ-MENDOZA and other similarly situated workers employed by Defendants at LA CUESTA FARMING and HIGUERA FARMS, Defendants willfully failed to pay them all wages due in a prompt and timely manner.

## CLASS ACTION ALLEGATIONS

94.    **Proposed Classes.**

Plaintiffs LUIS MORALES-GARCIA, BENITO PEREZ-REYES, CESAR JIMENEZ-MENDOZA and GABRIELA RENDON-VASQUEZ bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Classes:

a. All H-2A workers employed by Defendants pursuant to H-2A job orders submitted for the 2016 and 2017 strawberry harvest seasons, see Exhibits A through C; and

b. All domestic workers employed by Defendants who were engaged in work described in the H-2A job orders, attached as Exhibits A through C, during the 2016 and 2017 strawberry harvest seasons.

95.    There is a well-defined community of interest in the litigation and the class is ascertainable:

(a) **Numerosity**: The Plaintiff Classes are each so numerous that the individual joinder of all members is impractical.  While the exact number of class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe and thereon allege that the H-2A worker class consists of more than 150 individual employees. Similarly, Plaintiffs are informed and believe and thereon allege that the domestic worker class consists of more than 70 individual employees.  The names and addresses of the Class Members are available from Defendants. Notice can be provided to the Class Members via mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature.

COMPLAINT FOR DAMAGES,
DECLARATORY AND INJUNCTIVE RELIEF

(b) **<u>Typicality</u>**.   Plaintiffs' claims are typical of the claims of each class they represent in that they arise from Defendants' failure to conform their wage and hour practices to the requirements of federal H-2A regulations, the employment contract, the California Labor Code and the applicable Wage Order, as well as the terms of the federal statute which protects migrant and seasonal agricultural workers, resulting in injury to Plaintiffs.

(c) **<u>Common Questions Predominate</u>**:  The questions raised by this Complaint are of common or general interest to the members of the Plaintiff Classes, who have a well-defined community of interest in the questions of law and fact raised in this action.  Common questions of law and fact exist as to all members of the Plaintiff Classes and predominate over any questions that affect only individual members of each Class. The common questions of law and fact applicable to both classes include, but are not limited to:

    i.  Whether Defendants' pay practices conform to the requirements of the California Labor Code and Wage Order 14;

    ii.  Whether Defendants failed to pay the contractual wages promised in their job orders, pursuant to the H-2A regulations and the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 *et. seq.*, working arrangement and their employment contract;

    iii. Whether Defendants failed to record and compensate the Plaintiff Classes for all hours of work, and thus, failed to pay them minimum wage as required by Labor Code §§ 1182.11-1182.13, and 1197, Wage Order 14;

    iv. Whether Defendants failed to provide accurate itemized wage statements to all members of the Plaintiff Classes, as required by Labor Code § 226;

    v.  Whether Defendants failed to pay all members of the Plaintiff Classes their full wages when due in violation of Labor Code §§ 201 and 202;

COMPLAINT FOR DAMAGES,
DECLARATORY AND INJUNCTIVE RELIEF

vi. Whether Defendants failed to pay waiting time penalties for all members of the Plaintiff Classes who quit or were discharged during the relevant period, as required by Labor Code § 203;

vii. Whether, through the unlawful conduct herein alleged, Defendants violated Cal. Business and Professions Code §§ 17200 *et seq.*;

viii. Whether Defendants are liable as joint employers for the actions perpetrated against the Plaintiff Classes;

ix. What relief is necessary to remedy Defendants' unfair and unlawful conduct as herein alleged; and,

x. Other common questions of law and fact.

96. **Adequacy of Plaintiffs as Class Representatives.** Plaintiffs can adequately and fairly represent the interests of the Plaintiff Classes as defined above because their individual interests are consistent with, not antagonistic to, the interests of the class they represent. In addition, each Plaintiff Classes' interests are not antagonistic to the other's.

97. **Adequacy of Counsel for the Class.** Counsel for Plaintiffs possess the requisite resources and ability to prosecute this case as a class action and are experienced labor and employment attorneys who have successfully litigated other cases involving similar issues.

98. **Propriety of Class Action Mechanism.** Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual members of each Class. Defendants have implemented a scheme that is generally applicable to the two interrelated Plaintiff Classes, making it appropriate to issue relief, including injunctive relief and corresponding declaratory relief with respect to the Plaintiff Classes. In particular, the violations of law perpetrated against all Class Members in this case revolve around the application and interpretation of the H-2A Contracts (the job orders) that Defendants entered into in 2016 and 2017. Similarly, Defendants' liability as joint employers is based on actions taken with regard to both Plaintiff Classes as a whole.

COMPLAINT FOR DAMAGES,
DECLARATORY AND INJUNCTIVE RELIEF

99.   The Plaintiff Classes have been injured and are entitled to recover from Defendants for wrongful conduct that is common to both classes, as well as for injuries that pertain to each class separately.  Class treatment will allow those similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Further, the prosecution of separate actions against Defendants by individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants.  For all these and other reasons, a class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth in this Complaint.

## **FIRST CLAIM FOR RELIEF**

### **(VIOLATION OF THE MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT, 29 U.S.C. § 1801, *et seq.*)**

100.   Pursuant to Rule 23(b)(3), Plaintiff RENDON-VASQUEZ brings this claim on behalf of herself and the domestic worker class and alleges that Defendants have violated the Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 *et. seq.*

101.   Plaintiff RENDON-VASQUEZ and similarly situated domestic workers employed by Defendants are seasonal agricultural workers for the purposes of AWPA because they performed temporary or seasonal work at Defendants' strawberry operation, as alleged in paragraphs 37 and 70.

102.   Plaintiff RENDON-VASQUEZ and similarly situated domestic workers employed by Defendants worked alongside H-2A workers in corresponding employment, as defined in 20 C.F.R. § 655.103(b).

103.   Defendants failed to pay Plaintiff RENDON-VASQUEZ and similarly situated seasonal domestic workers the contractually-promised wage rate of $11.89 per hour for 2016, and $12.57 per hour for 2017, as discussed, *infra,* at paragraphs 38 through 40, and paragraphs 71 through 73.

104.   The terms of the H-2A job order forms a working arrangement for Defendants' domestic workers hired to engage in tasks described in the job order.

COMPLAINT FOR DAMAGES,
DECLARATORY AND INJUNCTIVE RELIEF

105.   Defendants violated the AWPA working arrangement, 29 U.S.C. §1822(c), by failing to pay domestic workers the contractually promised wage rates without justification.

106.   Defendants also failed to pay all wages owed at the time due in violation of the AWPA, 29 U.S.C. § 1822(a).

107.   Plaintiffs were harmed by not receiving the wages due to them at the time they were due.

108.   Defendants' violations of the AWPA were intentional because it was standard practice for the Defendants to not pay the wages established in the working arrangement, and not to pay them in a timely fashion.

109.   Plaintiffs seek relief as described below, including the payment of wages they are owed, and appropriate declaratory and injunctive relief requiring that Defendants discontinue their practices that violate the AWPA.

## SECOND CLAIM FOR RELIEF

### (FOR FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LABOR CODE §§ 1182.12, 1194, 1197 AND I.W.C. WAGE ORDER 14, AND LIQUIDATED DAMAGES PURSUANT TO CAL. LABOR CODE §1194.2)

110.   Pursuant to Rule 23(b)(3), Plaintiffs MORALES-GARCIA, PEREZ-REYES, JIMENEZ-MENDOZA, and RENDON-VAZQUEZ bring this claim on behalf of themselves and both classes in this action and allege that Defendants have violated Labor Code §§ 1182.12, 1197, and California Industrial Welfare Commission Wage Order No. 14-2001 (hereinafter Wage Order 14), 8 Cal. Code Regulations § 11140, for failure to pay minimum wage for each hour worked in the 2016 and 2017 strawberry harvest seasons.

111.   Due to Defendants' policies and practices, including the practice of excluding from the recorded hours worked by employees' mandatory transportation time, waiting to work time, and other off the clock work time, Plaintiffs MORALES-GARCIA, PEREZ-

20

REYES, JIMENEZ-MENDOZA, and RENDON-VASQUEZ, along with similarly situated domestic and H-2A workers, did not receive the applicable minimum wage for each compensable hour of work.

112.   As a direct and proximate result of Defendants' acts and/or omissions, Plaintiffs were deprived of minimum wages due in amounts to be determined at trial.

113.   Because Defendants willfully failed to pay them minimum wage for each compensable hour of work, Plaintiffs MORALES-GARCIA, PEREZ-REYES, JIMENEZ-MENDOZA, and RENDON-VASQUEZ and the Plaintiff Classes are entitled to recover penalties in the form of liquidated damages in an amount equal to the minimum wages unlawfully unpaid and interest thereon pursuant to Cal. Lab. Code § 1194.2.  The exact amount of liquidated damages owed will be determined at trial.

114.   Plaintiffs are entitled to recover the unpaid balance of the full amount of such wages and interest thereon, the aforementioned liquidated damages, attorneys' fees and the costs of suit.

115.   Plaintiffs seek relief as described below, including damages in the amount equal to unpaid minimum wages due, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and any relevant injunctive relief.

### THIRD CLAIM FOR RELIEF

### (FOR FAILURE TO PAY OVERTIME

### WAGES IN VIOLATION OF LABOR CODE § 1194 and WAGE ORDER 14)

116.   Pursuant to Rule 23(b)(3), Plaintiffs MORALES-GARCIA, PEREZ-REYES, and JIMENEZ-MENDOZA bring this claim on behalf of themselves and the H-2A worker class, and allege that Defendants have violated Labor Code §§ 1194, and Wage Order 14 for failure to accurately record and pay overtime wages for work performed during the 2016 and 2017 strawberry harvest seasons.

117.   Defendants failed to pay Plaintiffs overtime wages in the amount of one and a half times the regular rate for all hours worked in each workday in excess of ten (10) hours and all hours worked in each workweek over sixty (60) hours as required by Labor

21

Code § 1194 and Wage Order 14.

118.    Specifically, Defendants failed to accurately record and compensate their H-2A workers for all compensable hours, including mandatory transportation time, waiting to work time, and other off the clock work time, as detailed above at paragraphs 41 to 55, and 74 to 83.

119.    As such, Plaintiffs MORALES-GARCIA, PEREZ-REYES, JIMENEZ-MENDOZA, and the H-2A worker class worked hours in excess of ten hours a day and 60 hours a week, which Defendants failed to record. They did not receive premium pay for all overtime hours worked. See paragraphs 56 and 84.

120.    As a direct and proximate result of the acts and/or omissions of the Defendants, Plaintiffs MORALES-GARCIA, PEREZ-REYES, JIMENEZ-MENDOZA, and the H-2A worker class have been deprived of overtime wages due and are entitled to recover their unpaid wages.

121.    Plaintiffs MORALES-GARCIA, PEREZ-REYES, JIMENEZ-MENDOZA, and the H-2A worker class seek the relief described below, including damages in the amount equal to unpaid overtime hours (at the premium rate), pre- and post-judgment interest and attorney's fees and costs.

## FOURTH CLAIM FOR RELIEF

### (FOR FAILURE TO PAY CONTRACTUAL WAGES DUE)

122.    Pursuant to Rule 23(b)(3), Plaintiffs MORALES-GARCIA, PEREZ-REYES, JIMENEZ-MENDOZA and RENDON-VASQUEZ bring this claim on behalf of themselves and the H-2A worker and domestic worker classes for Defendants' failure to pay the higher of the contractually promised wage rate, the prevailing wage, or the state or federal minimum wage, for all compensable hours worked under the terms of the H-2A orders over the 2016 and 2017 strawberry harvest seasons.

123.    Plaintiffs and all similarly situated H-2A workers and domestic workers in corresponding employment entered into employment contracts for the work to be performed under the terms and conditions contained in the H-2A job orders attached

22

hereto as Exhibits A through C.

124.   For work performed in California, Plaintiffs were promised the higher of the contractual wage rate of $11.89 per hour (during 2016) and $12.57 per hour (during 2017), the prevailing wage or piece rate, or the state or federal minimum wage.

125.   Plaintiffs and similarly situated workers performed on their relevant employment contracts.

126.   Defendants failed to pay Plaintiffs for all compensable hours worked at the contractually promised wage rates.

127.   Defendants failed to pay Plaintiffs in the H-2A worker class, in part, because Defendants did not record or compensate for time in which Plaintiffs were engaged to wait, were transported in Defendants' shared transportation system, or were otherwise engaged in pre or post-shift work (including trainings), as further detailed in paragraphs at paragraphs 41 to 55, and 74 to 83.

128.   Defendants failed to correctly compensate Plaintiffs in the domestic worker class when they chose to pay them California's minimum wage in lieu of the contractually-promised AEWR for the work they performed in corresponding employment under the H-2A job orders attached as Exhibits A through C, as detailed in paragraphs 38 through 40 and paragraphs 71 through 73.

129.   As a direct and proximate result of this failure, Plaintiffs have been deprived of contractual wages due based on the federally mandated wage rate, as discussed in paragraph 27, and are entitled to recover the amounts due.

130.   Plaintiffs seek relief as described below, including damages in the amount of the unpaid contractual wages due to them.

## FIFTH CLAIM FOR RELIEF

### (FOR FAILURE TO INDEMNIFY EMPLOYEES
### FOR WORK RELATED EXPENSES IN VIOLATION
### OF LABOR CODE §2802 AND WAGE ORDER 14)

131.   Pursuant to Rule 23(b)(3), Plaintiff RENDON-VASQUEZ brings this claim

COMPLAINT FOR DAMAGES,
DECLARATORY AND INJUNCTIVE RELIEF

on behalf of herself and the domestic worker class and alleges that Defendants' actions violated her rights and the rights of other similarly situated individuals to receive reimbursement for work-related expenses under Wage Order 14 and Cal. Labor Code § 2802.

132.   Wage Order 14 provides that: "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."  Wage Order 14 ¶ 9(B); 8 Cal. Code of Regs. § 11140.

133.   Defendants regularly paid Plaintiff RENDON-VASQUEZ and similarly situated domestic workers the state minimum wage or a piece wage rate that was less than twice the applicable state minimum wage.

134.   Consequently, Defendants were required to provide and maintain all tools and equipment necessary to the performance of Plaintiff RENDON-VASQUEZ and the H-2A worker class members' jobs.

135.   As stated in paragraphs 57 through 58 and 85 through 86, Plaintiff RENDON-VASQUEZ and members of the domestic worker class purchased ring cutters for harvesting berries, carts for carrying baskets of harvested berries, boots, and gloves for use in Defendants' fields.

136.   These tools were all necessary for engaging in the tasks of planting, cultivating and harvesting berries as Defendants' employees.

137.   Plaintiff RENDON-VASQUEZ and similarly situated domestic workers were never reimbursed for these expenses.

138.   As a direct result of Defendants' failure to comply with Wage Order 14, Plaintiff RENDON-VASQUEZ and members of the domestic worker class incurred work-related expenses by purchasing clothing and equipment that was necessary for their work with Defendants.

COMPLAINT FOR DAMAGES,
DECLARATORY AND INJUNCTIVE RELIEF

139.   Because of Defendants' conduct, Plaintiff RENDON-VASQUEZ and members of the domestic worker class have suffered financial losses.

140.   Plaintiff RENDON-VASQUEZ and members of the domestic worker class seek the relief described below, including reimbursement of all expenses incurred in the performance of their work duties, reasonable attorneys' fees and costs pursuant to Cal. Labor Code § 2802, as well as appropriate declaratory and injunctive relief.

## SIXTH CLAIM FOR RELIEF

### (FURNISHING INACCURATE ITEMIZED WAGE STATEMENTS IN VIOLATION OF LABOR CODE § 226)

141.   Pursuant to Rule 23(b)(3), Plaintiffs MORALES-GARCIA, PEREZ-REYES, JIMENEZ-MENDOZA and RENDON VASQUEZ brings this claim on behalf of themselves and the H-2A worker and domestic worker classes for Defendants' failure to provide accurate wage statements that recorded Plaintiffs' hours worked, correct pay rate, and gross wages over the 2016 and 2017 seasons.

142.   Labor Code § 226(a) requires employers to provide itemized wage statements which accurately show the total hours worked by the employee, their rate of pay, and their gross wages owed.

143.   Labor Code § 226(b) provides that if an employer knowingly and intentionally fails to provide such an itemized statement, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

144.   Defendants knowingly and intentionally failed to furnish Plaintiffs and the Plaintiff Classes with accurate statements as required by Labor Code § 226(a) in that each wage statement failed to accurately report all hours worked, gross wages, and applicable rates of pay. Plaintiffs and similarly situated workers have suffered injury as a result. Accordingly, Defendants are liable for the amounts provided by Labor Code § 226(b).

145.   Plaintiffs and the Plaintiff Classes request the relief described below,

COMPLAINT FOR DAMAGES,
DECLARATORY AND INJUNCTIVE RELIEF

including that the applicable penalties be paid to them for each of Defendants' inaccurate wage statements.

## SEVENTH CLAIM FOR RELIEF

## (WAITING TIME PENALTIES FOR FAILURE TO TIMELY PAY ALL WAGES DUE IN VIOLATION OF LABOR CODE §§ 201-203)

146.   Pursuant to Rule 23(b)(3), Plaintiffs MORALES-GARCIA, PEREZ-REYES, JIMENEZ-MENDOZA and RENDON-VASQUEZ bring this claim on behalf of themselves and the H-2A worker and domestic worker classes for Defendants' failure to pay all outstanding wages due upon separation from employment with Defendants.

147.   When an employee is terminated, California law requires an employer immediately pay all wages owed.  Cal. Labor Code § 201.  If an employee quits without advance notice, the employer must pay all outstanding wages within 72 hours.  Cal. Labor Code § 202.  Where an employer fails to comply with Cal. Labor Code §§ 201 and/or 202, the affected employee is entitled to receive a penalty in the amount of one day's wages for every day that their employer willfully denies this final payment of wages, up to a maximum of 30 days.  Cal. Labor Code § 203.

148.   Defendants did not pay Plaintiffs or similarly situated workers in the either class all their wages owed, including payment for all hours worked, overtime premium pay, or their contractually promised wages, as alleged in paragraphs 38 through 56 and 71 through 84.

149.   As stated in paragraphs 62 and 93, Plaintiffs MORALES-GARCIA, PEREZ-REYES, JIMENEZ-MENDOZA, and RENDON-VASQUEZ did not receive these wages in their last paycheck upon leaving or being terminated from their employment with Defendants.

150.   By failing to compensate Plaintiffs MORALES-GARCIA, PEREZ-REYES, JIMENEZ-MENDOZA and RENDON-VASQUEZ, and similarly situated members of the Plaintiff Classes who have quit, been discharged, or ceased to have seasonal employment during the relevant statutory period as required by the California Labor

COMPLAINT FOR DAMAGES,
DECLARATORY AND INJUNCTIVE RELIEF

Code and the applicable wage order, Defendants have willfully failed to make timely payment of the full wages due to their former employees in violation of Cal. Labor Code §§ 201 and 202.

151.   Pursuant to Cal. Labor Code § 203, Plaintiffs and members of the Plaintiff Classes who have quit, been discharged, or seasonally ceased to have employment with Defendants during the relevant statutory period are entitled to waiting time penalties of up to 30 days' wages per person. Plaintiffs also request that the Court order appropriate declaratory and injunctive relief, including an order requiring Defendants to comply with the requirement to timely pay all wages owing within the time periods set by Cal. Labor Code §§ 201 and 202 at the end of a worker's employment.

## EIGHTH CLAIM FOR RELIEF

## (UNLAWFUL AND/OR UNFAIR BUSINESS PRACTICES, VIOLATION OF UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §§ 17200-17208)

152.   Pursuant to Rule 23(b)(3), Plaintiffs MORALES-GARCIA, PEREZ-REYES, JIMENEZ-MENDOZA and RENDON-VASQUEZ bring this claim on behalf of themselves and the Plaintiff Classes, alleging that Defendants have acted contrary to public policy, violated specific provisions of the California Labor Code, and engaged in other unlawful and unfair business practices in violation of Business & Professions Code §§ 17200, *et seq.*, depriving Plaintiffs, and all persons similarly situated, of rights, benefits, and privileges guaranteed under law. Specifically, Defendants have:

a.  Failed to comply with the record keeping requirements of Lab. Code § 1174(d) which requires employers to maintain "payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees…";

b.  Failed to compensate employees for all their hours worked, in violation of Labor Code §§ 1182.12, 1194, 1197, and the applicable provisions of Wage Order 14-2001 (8 Cal. Code of Regs. § 11140);

c.   Failed to pay overtime premiums for work performed in excess of ten (10) hours

27

per work day, or sixty (60) per work week, contrary to the applicable provisions of Labor Code § 1198 and Wage Order 14;

d.  Failed to pay the contractually promised wage rate for all hours worked under the relevant job orders, attached as Exhibits A through C;

e.  Failed to provide all necessary work-related tools and equipment and indemnify employees for work-related expenses incurred, in violation of Labor Code §2802 and the applicable provision of Wage Order 14;

f.  Failed to provide accurate itemized wage statements as required by Labor Code § 226(a) and to maintain complete and accurate itemized wage statements as required by Labor Code § 226;

g.  Failed to pay full wages when due as required by Labor Code §§ 201 and 202;

153.  Plaintiffs allege that at all times material to this action, Defendants' conduct has injured their interests by depriving them of their rights as workers and by causing them and each member of the Plaintiff Classes economic harm through deprivation of wages and other monies owed to them as Defendants' employees.

154.  By perpetuating the unfair business practices discussed above, Defendants have received and retained funds that rightfully belong to Plaintiffs and those similarly situated. These unlawfully obtained monies have allowed Defendants to generate more profits through their strawberry operations, ultimately resulting in the Defendants' unjust enrichment.

155.  These unlawfully obtained funds also constitute an unfair advantage over Defendants' legitimate business competitors in the strawberry market.  This advantage was gained at the expense of Defendants' employees and the public at large.

156.  Through this claim, Plaintiffs seek all relief as may be necessary to restore Defendants' ill-gotten gains to all employees (including themselves) who were adversely affected by these unfair and unlawful business practices.

157.  Plaintiffs also seek injunctive relief pursuant to Business and Professions Code § 17203 to prevent Defendants from continuing to engage in unfair business

COMPLAINT FOR DAMAGES,
DECLARATORY AND INJUNCTIVE RELIEF

practices as alleged in this Complaint.  Defendants, and/or persons acting in concert with them, have done, are now doing, and will continue to do or cause to be done, the illegal acts alleged in this Complaint, unless restrained and enjoined by this Court.  Unless the relief prayed for below is granted, a multiplicity of actions will result.  Plaintiffs have no plain, speedy, or adequate remedy at law, for reasons which include but are not limited to the following: (a) it is difficult to measure the amount of monetary damages that would compensate Plaintiffs for Defendant's wrongful acts; and (b) in any event, pecuniary compensation alone will not afford adequate and complete relief.  The continuing violation of law by Defendants will cause great and irreparable damage to Plaintiffs and others similarly situated unless Defendants are immediately restrained from committing further illegal acts.

158.   Plaintiffs request that the Court issue an Order requiring Defendants to pay lawful wages to prevent this anti-competitive behavior in the future and requiring Defendants to pay restitution.

159.   In addition, because Plaintiffs are enforcing important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5, they seek payment of attorney's fees associated with this suit.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

(a)    That the Court assume supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367;

(b)    That the Court certify the classes defined herein;

(c)    For an order appointing Plaintiffs as class representatives, and Plaintiffs' counsel as class counsel;

(d)    Under the First Claim for Relief:

1.    Grant judgment against Defendants and in favor of Plaintiff RENDON-VASQUEZ and all similarly situated individuals in the domestic worker class for violations of the AWPA, particularly 29

29

U.S.C. § 1822. Subsequently, provide damages that encompass the back wages owed to each class member, or statutory damages of up to $500 per class member per violation of the AWPA, whichever is greater; and

2.     Award appropriate injunctive relief requiring that Defendants discontinue their practices that violate the AWPA.

(e)     Under the Second Claim for Relief:

1.     Grant judgment against Defendants and in favor of all Plaintiffs and both classes of similarly situated workers for violations of California Labor Code §§ 1182.11-1182.13, and 1197 such that:

a.     Plaintiffs receive the full unpaid balance of their wages owed. In addition, grant Plaintiffs and the Plaintiff Class liquidated damages in the amount of their minimum wage loss for the violation of their right to minimum wage pursuant to Cal. Labor Code §§ 1194, 1194.2 and 1197.

b.     Plaintiffs receive appropriate injunctive relief, including an order requiring Defendants to comply with California's minimum wage requirements.

2.     Award Plaintiffs attorneys' fees and costs pursuant to California Labor Code § 1194(a).

(f)     Under the Third Claim for Relief:

1.     Grant judgment against Defendants and in favor of Plaintiffs MORALES-GARCIA, PEREZ-REYES, AND JIMENEZ-MENDOZA, as well as all similarly situated workers in the H-2A class for violations of California Labor Code §§ 510, 1198 and Wage Order 14 such that:

a.      Plaintiffs receive wages for their unpaid hours of work and the overtime premiums that they are entitled to.

30

COMPLAINT FOR DAMAGES,
DECLARATORY AND INJUNCTIVE RELIEF

       b.    Plaintiffs receive appropriate injunctive relief, including an order requiring Defendants to comply with California's overtime laws.

2. Award Plaintiffs attorneys' fees and costs pursuant to California Labor Code § 1194(a).

(g) Under the Fourth Claim for Relief:

1. Grant judgment against Defendants and in favor of Plaintiffs and all similarly situated workers for violation of the applicable contracts in effect over the 2016 and 2017 seasons, attached here as Exhibits A through C, and order that each Plaintiff Class receive the wages they were entitled under said contracts for each hour they worked.

(h) Under the Fifth Claim for Relief:

1. Grant judgment against Defendants and in favor of Plaintiff RENDON-VASQUEZ and all similarly situated individuals in the domestic worker class for violations of Cal. Labor Code § 2802 such that:

       a.    Plaintiffs receive restitution for all monies spent on work-related expenses in the four years prior to this action.

       b.    Plaintiffs receive appropriate injunctive relief, including an order requiring Defendants to correctly provide all tools, equipment and personal protective equipment or clothing required or to reimburse workers for their employment-related expenses.

(i) Under the Sixth Claim for Relief:

1. Grant judgment against Defendants and in favor of Plaintiffs and all similarly situated workers for violations of California Labor Code §226 and Wage Order 14 such that each member of the Plaintiff Classes receives actual damages or statutory penalties in the amount

31

COMPLAINT FOR DAMAGES,
DECLARATORY AND INJUNCTIVE RELIEF

of $50 for the first inadequate paystub, and $100 for each subsequent one, up to the amount of $4,000 per employee, whichever is greater.

2.    Award Plaintiffs attorneys' fees and costs pursuant to California Labor Code § 226.

3.    Grant injunctive relief against Defendants pursuant to Labor Code §226(h).

(j)    Under the Seventh Claim for Relief:

1.    Grant judgment against Defendants and in favor of Plaintiffs and all similarly situated workers for violations of California Labor Code §§ 201 and 202.

2.    Award damages pursuant to California Labor Code § 203 in the amount of one day's wages, up to a maximum of 30 day's wages, per employee who was terminated or left their employment with Defendants without timely receiving all outstanding wages due to them.

3.    Grant appropriate injunctive relief, including an order requiring Defendants to comply with the requirement to timely pay all wages owing within the time periods set by Cal. Labor Code §§ 201 and 202 at the end of a worker's employment.

(k)    Under the Eighth Claim for Relief:

1.    Grant judgment against Defendants and in favor of Plaintiffs and all similarly situated workers for violations of Cal. Business and Professions Code § 17200 such that:

a.    Plaintiffs and each Plaintiff Class member receive all wages that they were unlawfully deprived of due to Defendants' unfair business practices;

b.    Plaintiffs receive injunctive relief against the Defendants so that they cannot continue to operate their business in an unfair

32

COMPLAINT FOR DAMAGES,
DECLARATORY AND INJUNCTIVE RELIEF

and anti-competitive way.

2. Award attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5, as the Plaintiffs are enforcing an important right affecting the public interest.

(l) Award Plaintiffs pre- and post-judgment interest as allowed by law, including as allowed by Cal. Civil Code §§ 3287(a) and 3289(b) and Cal. Labor Code §§ 218.6 and 1194, and/or any other applicable provision providing for interest;

(m) Grant declaratory relief as appropriate;

(n) Cast all costs upon Defendants; and

(o) Award Plaintiffs such further relief, at law or in equity, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all claims for relief with respect to which they have a right to jury trial.

Date: June 8, 2018                    Respectfully submitted,

                                      CALIFORNIA RURAL LEGAL ASSISTANCE
                                      FOUNDATION

                                      HADSELL STORMER & RENICK, LLP


                                      By:   /s/ - Randy Renick                .
                                            Randy Renick
                                            Cornelia Dai
                                            Springsong Cooper
                                      Attorneys for Plaintiffs

33

COMPLAINT FOR DAMAGES,
DECLARATORY AND INJUNCTIVE RELIEF