UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No. **CV 18-5118-SVW (JPRx)**          Date: **June 4, 2020**
Title: **Morales-Garcia et al. v. Higuera Farms, Inc. et al.**
================================================================

**DOCKET ENTRY: Order Denying Plaintiff's Motion to Compel Discovery (docket entry 220) and Taking Hearing Off Calendar**
================================================================

PRESENT: **HON. JEAN P. ROSENBLUTH, U.S. MAGISTRATE JUDGE**

| Bea Martinez | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR DEFENDANTS:
     None present                                           None present

**PROCEEDINGS: (IN CHAMBERS)**

      On May 21, 2020, Plaintiffs moved to compel discovery from Defendant Big F Company, against which default was entered by the Clerk on December 13, 2019. Plaintiffs set the motion for hearing on June 18, 2020. For the reasons stated below, the motion is DENIED and the hearing is ORDERED off calendar.

      Because default has been entered against Big F, it is no longer a party to this lawsuit. See Blazek v. Cap. Recovery Assocs., Inc., 222 F.R.D. 360, 361 (E.D. Wis. 2004) (holding that defaulted defendant should be treated as nonparty for discovery purposes); see also Jules Jordan Video, Inc. v. 144942 Canada Inc., 617 F.3d 1146, 1159 (9th Cir. 2010) ("We agree with the Blazek court's analysis . . . that a defaulted defendant should be treated as a non-party."). Some of the discovery Plaintiffs seek to compel, including answers to interrogatories, is not available at all from a nonparty; and the document production they seek must be pursued through a subpoena, not by requests for production. See Blazek, 222 F.R.D. at 361 (citation omitted).

      But even if Big F's nonparty status did not shield it from Plaintiff's motion, the Court would still decline to grant it because Big F is not represented by counsel. A company cannot appear in this Court without a lawyer, see C.D. Cal. R. 83-2.2.2, and thus Big F is unable to oppose the motion. It is not clear that Big F will not get itself

counsel at some point,[1] and Plaintiffs' pursuit of discovery before then is inappropriate, see Pedro v. Gallardo, No. 1:16-cv-0283-DAD-JLT, 2017 WL 2691807, at *1 (E.D. Cal. June 22, 2017) (taking motion to compel discovery against unrepresented corporation off calendar), or at the very least should first be approved by the district judge.

Finally, even should Plaintiffs serve the appropriate subpoenas on Big F and it fails to comply with them, a motion to compel would not be the right way to seek relief. The only sanction available when a nonparty does not obey a subpoena is contempt. See Fed. R. Civ. P. 45(g); see also Echostar Satellite L.L.C. v. Viewtech, Inc., No. 1:09-mc-00052-SMS., 2010 WL 653186, at *1 (E.D. Cal. Feb. 22, 2010) ("If the recipient fails or refuses to respond to the subpoena, the proponent may first try to negotiate compliance, as by offering to meet and confer, but ultimately, if the recipient fails to comply without adequate excuse, the recipient is in contempt of court, and the proponent must file an application for an order to show cause why a contempt citation should not issue."); Martinez v. Antique & Salvage Liquidators, Inc., No. C09-00997 HRL., 2011 WL 798707, at *2 (N.D. Cal. Feb. 8, 2011) ("The only sanction available against nonparties for failure to comply with deposition subpoenas is a contempt citation." (citation & emphasis omitted)).

For all these reasons, Plaintiffs' motion to compel discovery is DENIED.

---

[1] At various times the other Defendants have suggested that Big F might file for bankruptcy, see, e.g., Status Report, ECF No. 147, but the Court is unaware whether that has actually happened.

MINUTES FORM 11                                                Initials of Deputy Clerk: bm
CIVIL-GEN