Veronica Melendez, SBN 294106
Cecilia Guevara Langberg, SBN 307159
Ezra Kautz, SBN 330352
CALIFORNIA RURAL LEGAL ASSISTANCE FOUNDATION
2210 K Street, Suite 201
Sacramento, CA 95816
Telephone: (916) 446-7904
Facsimile: (916) 446-3057
vmelendez@crlaf.org
cguevarazamora@crlaf.org
ekautz@crlaf.org

Randy Renick, SBN 179652
Cornelia Dai, SBN 207435
HADSELL STORMER RENICK & DAI LLP
128 North Fair Oaks Avenue, Suite 204
Pasadena, California 91103-3645
Telephone: (626) 585-9600
Fax: (626) 577-7079
rrr@hadsellstormer.com
cdai@hadsellstormer.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MORALES-GARCIA, BENITO PEREZ-REYES, CESAR JIMENEZ-MENDOZA, GABRIELA RENDON-VASQUEZ, and JUANA VELASCO-TORRES, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br>v.<br><br>HIGUERA FARMS, INC., LA CUESTA FARMING COMPANY, INC., BIG F COMPANY, INC., RED BLOSSOM SALES, INC., BETTER PRODUCE, INC., and DOES 1-8,<br>*Defendants*. | Case No.: 2:18-cv-05118-SVW-JPR<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' STATUS REPORT** |

1

1 Plaintiffs Luis Morales-Garcia, Benito Perez-Reyes, Cesar Jimenez-Mendoza, Gabriela Rendon-Vasquez, and Juana Velasco-Torres (hereafter "Plaintiffs"), were H-2A and domestic farmworkers employed in and around Santa Maria, California to harvest strawberries. Plaintiffs were recruited and employed by three growers owned by members of the Contreras family, Higuera Farms, Inc. ("Higuera"), La Cuesta Farming Company, Inc. ("La Cuesta"), and Big F Company, Inc. ("Big F") (collectively "the Contreras Defendants"). Plaintiffs brought the instant putative class action alleging systemic acts of wage theft and other recurrent violations of state and federal labor law. Plaintiffs also alleged that Red Blossom Sales, Inc. ("Red Blossom") and Better Produce, Inc. ("Better Produce") were liable for these underlying violations as client employers under California Labor Code section 2810.3 and as joint employer under both California law and federal law.

The Contreras Defendants were previously represented by the law firm of Dowling Aaron Incorporated. Dowling Aaron Incorporated filed a motion to withdraw as counsel on July 29, 2019, (Dkts. 100, 106), which the Court granted. (Dkt.129). The Contreras Defendants failed to retain new counsel as ordered by the Court. (Dkt. 129). Accordingly, the Court entered default against each of them. (Dkts. 148, 228). However, the Court has not entered default judgment against any of the Contreras Defendants.

In addition to having default entered against them, the Contreras Defendants each filed for Chapter 7 bankruptcy in the United States Bankruptcy Court, Central District of California ("Bankruptcy Court"). The automatic bankruptcy stays have been lifted as to each of them. (Dkts. 216, 217, 238). Plaintiffs have also filed claims against each of the Contreras Defendants in the Bankruptcy Court.

On September 9, 2020, Plaintiffs, Red Blossom and Better Produce filed a joint stipulation to bifurcate and continue the December 1, 2020 jury trial. (Dkt. 252). The stipulating parties agreed to bifurcate this matter, with the issues of the

liability of Red Blossom and Better Produce under California and federal joint employer theories, and as client employers ("Joint Liability Issues"), to be determined by the Court at a bench trial on February 3, 2021. All of the remaining issues were to be tried at a second trial date by jury, on a date to be determined after the trial on the Joint Liability Issues. On September 24, 2020, the Court granted the joint stipulation. (Dkt. 254).

On February 3, 2021 and February 4, 2021, the Court held a bench trial on the Joint Liability Issues. (Dkts. 367, 368, 376, 377). On February 5, 2021, the Court issued a minute order setting a filing schedule for post-trial briefs to be submitted by the parties. (Dkt. 357). Plaintiffs filed their post-trial briefs on February 26, 2021. (Dkts. 383, 384). Red Blossom and Better Produce filed their respective oppositions on March 12, 2021. (Dkts. 387, 388). Plaintiffs filed their reply briefs on March 22, 2021. (Dkts. 393, 394).

On October 18, 2021, the Court issued a judgment in favor of Red Blossom and Better Produce, finding that they were not joint employers under state or federal law, and also not client employers under state law. (Dkt. 399). Plaintiffs filed an appeal to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") on February 1, 2022. (Dkt. 431).

On February 17, 2022, Plaintiffs, Red Blossom and Better Produce submitted a joint stipulation to stay the District Court proceedings and enforcement of costs pending the appeal (Dkt. 434). The stipulating parties agreed to stay all further proceedings in the District Court pending the Appeal before the Ninth Circuit, except for a ruling on Plaintiffs' Motion for Class Certification. The parties also agreed to stay any enforcement action to collect the costs awarded to Red Blossom and Better Produce pending a decision on Plaintiffs' appeal. Finally, the parties agreed that the stipulation to stay would in no way affect any of the proceedings in the Bankruptcy Court against the Contreras Defendants, including proceedings to resolve and administer the claims filed by Plaintiffs against the

Contreras Defendants arising from this action.

On March 10, 2022, the District Court granted a stay of the District Court proceedings and enforcement of costs pending appeal. (Dkt. 435). The Court stayed all proceedings, including a ruling on Plaintiffs Motion for Class Certification, pending the appeal before the Ninth Circuit. The Court also ordered that the stay of proceeding in the District Court would in no way affect the bankruptcy proceedings against the Contreras Defendants in the Bankruptcy Court.

Plaintiffs now submit this status report:

1. On June 1, 2023, the United States Court of Appeals for the Ninth Circuit entered judgement affirming the District Court's decision as to Red Blossom and Better Produce.
2. The Court of Appeals issued a mandate relinquishing jurisdiction over the case on June 23, 2023. The mandate officially transfers the case back to the District Court. The mandate was filed in the District Court on June 28, 2023.
3. The Contreras Defendants are the only remaining Defendants in the instant case before the District Court. Each of the Contreras Defendants is in default, but default judgement has not been entered against any of them.
4. The Contreras Defendants are still in Chapter 7 bankruptcy proceedings. Plaintiffs filed claims against each Contreras Defendant in the Bankruptcy Court.
5. Plaintiffs and the bankruptcy trustee for the Contreras Defendants have negotiated a settlement agreement in the Bankruptcy Court. Plaintiffs and the bankruptcy trustee are currently finalizing the terms of the written settlement agreement.

///

///

4

Plaintiffs' Status Report                                    Case No. 2:18-cv-05118-SVW-JPR

6. Accordingly, Plaintiffs respectfully request that this Court stay all further proceedings with respect to the Contreras Defendants, only, until the settlement in the Bankruptcy Court has been fully executed in accordance with the terms of the settlement agreement, including the disbursement of any settlement funds. Plaintiffs will file a further status report once the settlement is executed and funds are disbursed.

Dated: June 28, 2023              Respectfully submitted,

CALIFORNIA RURAL LEGAL ASSISTANCE FOUNDATION

HADSELL STORMER RENICK & DAI LLP

By: /s/ Cecilia Guevara Langberg
    *Attorneys for Plaintiffs*